(August 3, 1989)

■ GREGORY A. AIKMAN et al., Appellants-Respondents, v DEAN WITTER REYNOLDS, INC., Respondent-Appellant.—Order of the Supreme Court, New York County (Herman Cahn, J.), entered on or about January 17, 1989, which denied the motions of plaintiff and defendant for partial summary judgment, unanimously modified, on the law, to the extent of granting the motion of defendant and dismissing the action of plaintiff Rasmussen, and except as so modified, affirmed, without costs.

On November 13, 1987, plaintiffs Rasmussen, Aikman and Hermalyn signed memoranda documenting certain terms of their upcoming employment with defendant Dean Witter, which employment was to commence December 1, 1987 and run until December 31, 1988. The November 13 memoranda were executed for Dean Witter by its senior vice-president, William Kelly.

On December 4, 1987, Rasmussen executed another document respecting the terms of his employment with Dean Witter. This document stated that Rasmussen would abide by Dean Witter's rules and regulations. The document also stated that Rasmussen's employment could be terminated at any time.

Two other documents were signed by Rasmussen before he started work. The first of these stated that Rasmussen would adhere to the Dean Witter drug and substance abuse policy and that he would submit voluntarily to a background interview and electronic evaluator examination. In the second document Rasmussen agreed to take a lie detector test, waived any claims which might arise as a result of the test and indicated that he understood that he was subject to termina-

tion at any time if investigation revealed that false or evasive information had been furnished during the background interview. The lie detector test was thereafter administered and showed that Rasmussen had falsely denied having recently used drugs. Rasmussen was terminated on December 8, 1987. Aikman and Hermalyn were subsequently informed that they would not be hired because Rasmussen was not being hired.

This action in which plaintiffs seek to recover for breach of their employment agreements followed. Plaintiffs moved for summary judgment as to liability and defendant cross-moved for summary judgment dismissing Rasmussen's claims. The motion and cross motion were denied by the IAS court and the present appeal and cross appeal ensued.

We think that the record presents issues of fact as to whether the employment of plaintiffs Aikman and Hermalyn was in any way contingent upon the employment of Rasmussen. Certainly their simultaneous employment and execution of agreements nearly identical to Rasmussen's permit the inference that the plaintiffs were hired as a group to work together. While the validity of this inference has not been demonstrated, neither has the inference been so discredited as to permit an award of summary judgment to Aikman and Hermalyn. Although it is true that William Kelly, who executed the November 13, 1987 memoranda on defendant's behalf, states in his affidavit that Aikman's and Hermalyn's employment was not contingent upon that of Rasmussen, Kelly has since left the defendant's employment and has not made himself available to defendant's counsel for examination. We think defendant should be afforded an opportunity to examine Kelly and to conduct whatever other discovery is appropriate in support of its defense prior to a determination of the merits of the dispute.

We modify only to the extent of granting defendant's motion for summary judgment dismissing Rasmussen's action. It is clear that pursuant to the terms of the various employment-related agreements executed by him, Rasmussen's employment was terminable at any time *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 304-305) and, more specifically, was terminable for his failure to pass the lie detector test. We note that present restrictions upon the use of polygraphs in employment situations *(see,* 29 USC § 2001 *et seq.)* were not in effect at the time of the events here in question. Concur—Murphy, P. J., Ross, Ellerin and Smith, JJ.